STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Alden C. Ehler    }
        }
        }  Docket No. 55-3-00 Vtec
        }
        }

Decision and Order

Appellant Alden C. Ehler appealed from a decision of the Planning Commission of the Village of Essex Junction denying his subdivision application. Interested parties Eugene and Kathy Beaudry (the Beaudrys) intend to purchase one of the subdivided lots, on which they already reside. Appellant represents himself; interested parties Eugene and Kathy Beaudry are represented by Roger E. Kohn, Esq.; the Village is represented by David A. Barra, Esq.; and interested party Matthew Fitzgerald represents himself.

Appellant seeks to subdivide a corner lot at the intersection of Jackson and Wrisley Streets in the R2 zoning district, into two lots, one containing an existing house in use as a rental duplex, and the other containing the mobile home in which the Beaudry family resides. The proposed subdivision would reduce each proposed lot below the minimum lot size for the district; however, Appellant obtained variances for the setbacks and reduced lot sizes, and those variances were not appealed[1]. On summary judgment the Court ruled that because Appellant has brought the property into conformity with the requirements of the Land Development Code by obtaining the variances, the proposed boundary line adjustment or subdivision did not violate ' ' 201(C)(24), 905(A) or 905(G) of the Land Development Code.

In the summary judgment decision, the Court ruled that the only remaining issue was whether the subdivision meets the general standards of review in ' 503(E), of which only the >neighborhood compatibility= standard was disputed and remained for trial. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties presented their oral arguments on the record. Upon consideration of the evidence and oral arguments, the Court finds and concludes as follows.

The neighborhood in which this property is located is a older residential neighborhood of small lots, most of which range from 50' to 90' in width and approximately 160 feet in depth. Two condominium or townhouse developments of up to 20 units each extend between the older portion of the neighborhood and the Central Vermont Railway tracks. The town shed and public works department properties adjoin the railroad tracks. The end of Jackson Street contains industrial uses. The houses in the neighborhood are of diverse styles and sizes, and occupy much of the frontage of their lots, presenting a typical older residential neighborhood. The houses and yards are well-maintained.

Most of the older neighborhood homes are finished in clapboard siding or vinyl or aluminum manufactured siding with the general appearance of clapboards. Many are painted white; many have dark shutters. The mobile home on the subject lot and the duplex on the subject lot are both finished in white manufactured siding, with dark shutters. They are well-maintained and fit well into the appearance of the residential neighborhood. We note in this regard that the issue before the court is not whether a mobile home[2] should be allowed to be placed on this lot, but rather, whether the creation of a boundary line between two existing and permitted structures should be approved. The subdivision of the lot into the two lots as proposed will have no effect on the appearance or uses on the lots, and is compatible with the existing neighborhood.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the subdivision of the existing lot as proposed is compatible with the existing neighborhood, and therefore the subdivision is APPROVED.

Done at Barre, Vermont, this 26th day of December, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

1. We note that Mr. Fitzgerald is correct that the proposed subdivision creates two smaller lots, non-conforming in size, from an existing lot that was conforming in size, although non-conforming as to the number of structures on it. However, because the variances were not appealed and became final, this Court cannot revisit whether the variances should have been granted or whether it is good policy to allow the creation of undersized lots.

2. Also see the protection for mobile homes and manufactured housing in 24 V.S.A. §4406(4)(A).